CHRISTOPHER V. KULAWIK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kulawik v. Commissioner
Docket No. 12324-93
United States Tax Court
T.C. Memo 1994-538; 1994 Tax Ct. Memo LEXIS 546; 68 T.C.M. (CCH) 1043; October 26, 1994, Filed *546 Decision will be entered for respondent. Christopher V. Kulawik, pro se. For respondent: Cheryl McInroy. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6621(c)
Sec. 6653(b)
1980
$ 69,768
Int. apr. 120%
$ 34,884
of sec. 6621(b)
rate on $ 69,768
1981
244,061
Int. apr. 120%
122,031
of sec. 6621(b)
rate on $ 244,061
Petitioner resided in Mount Kisco, New York, at the time his petition was filed. On July 6, 1994, respondent filed a request for admissions pursuant to Rule 90. [1] Petitioner failed to respond to respondent's request for admissions. As a result, petitioner is deemed to have admitted the facts which respondent alleged in the request for admissions. Rule 90(c). *547 The facts that petitioner is deemed to have admitted are summarized as follows: During 1980 and 1981, petitioner fraudulently omitted income, deducted losses, and claimed investment tax credits arising from his participation in a tax-shelter scheme to market and lease master recordings at artificially inflated costs and valuations. On April 14, 1988, petitioner was indicted in U.S. District Court on several charges, among which was one count of tax evasion under section 7201 for the tax year 1981. [2] Petitioner pled guilty to these charges on June 1, 1989, and judgment was entered accordingly on June 8, 1989. One of the issues of fact determined by petitioner's conviction was that he willfully and fraudulently filed a false income tax return for 1981. In addition to failing to respond to respondent's request for admissions, petitioner did not appear at trial. It is well settled that a taxpayer's unexcused failure to appear *548 at trial justifies dismissal of an action for failure properly to prosecute under Rule 123(b). . Where such a dismissal is appropriate, the Court will enter decision against the taxpayer as to any issue for which he has the burden of proof. ; . In the instant case, petitioner bears the burden of proof with respect to the deficiencies and additions to tax under section 6621(c) for the tax years at issue. By reason of petitioner's failure to appear at trial and the deemed admissions under Rule 90(c), we find that petitioner has clearly failed to meet his burden of proof on these issues. With respect to the additions to tax under section 6653(b), however, respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Respondent must establish that: (1) An underpayment exists for the year in issue, and (2) that some portion of the underpayment is due to fraud. ; *549 ; . To meet this burden, respondent must show that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. . Respondent is not required to prove the precise amount of the underpayment resulting from fraud, but only that "any part" of the underpayment is attributable thereto. . At trial, respondent rested her case on the facts deemed admitted under Rule 90(c). Respondent may rely on deemed admissions to meet her burden of proving that some portion of the understatement of income for each year was due to fraud with intent to evade tax. ; . [3] Through the admissions, respondent established: (1) Petitioner acquired *550 from third parties approximately 160 master recordings during 1980 and 1981; (2) these recordings were often reconfigurations of albums, some of which had been previously released to the public, were of poor quality, lacked proper title, or were non-existent; (3) petitioner procured fraudulent appraisals of the value for these recordings; (4) the recordings were leased to various investors, including petitioner in partnership with others; (5) knowing that the recordings had been artificially valued, petitioner claimed an investment tax credit on his 1980 and 1981 tax returns in connection with the recordings he had leased; (6) by knowingly claiming false investment tax credits in connection with the lease of the overvalued master recordings, petitioner intended to evade part of the income tax due to the United States for the taxable years 1980 and 1981; and (7) during the taxable years at issue, petitioner failed to include as income constructive dividends received from IFC Entertainment and IFC Leasing, Inc., two corporations of which he was a shareholder and which were involved in the leasing scheme. Finally, petitioner was found guilty of violating section 7201 for the tax year *551 1981. The law is clear that a criminal conviction based on an indictment under section 7201 carries with it the ultimate factual determination that an underpayment exists and that some part of the underpayment is due to fraud. , affd. ; . These facts clearly and convincingly demonstrate fraud on the part of petitioner for the taxable years at issue. *552 Petitioner has also raised the issue of whether the statute of limitations bars the assessment of tax for the years in issue. Since the notice of deficiency was mailed more than 3 years after the returns in issue were filed, respondent bears the burden of proving that an exception to the normal 3-year period of limitations applies. Here the exception upon which respondent relies is contained in section 6501(c)(1), which provides that in the case of a false or fraudulent return, the tax may be assessed "at any time." Since we have already found that the returns for the years in issue were fraudulent, it follows that the exception found in section 6501(c)(1) applies and the assessment of tax for the years in issue is not barred. We hold that petitioner is liable for the deficiencies and additions to tax as determined by respondent. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. See United States v. Kulawik↩, docket No. 88 CR 00222-01 (S.D.N.Y. June 1, 1989).
3. In a case like this where there is no appearance by or on behalf of petitioner at the time set for trial, we may hold petitioner in default under Rule 123(a) and decide the sec. 6653(b) addition to tax in respondent's favor if the allegations in respondent's pleadings set forth sufficient facts to support such a judgment. , affd. ; . Respondent's answer and amended answer set forth sufficient facts to establish fraud.↩